DeWine, J., concurring in part and dissenting in part.
*565 {¶ 26} Under the facts presented by the federal court, both certified questions can be answered unequivocally. When one party to a mortgage document conveys an interest in property, a second party who only signs and initials the mortgage does not mortgage her interest. And a mortgage by which a person conveys an interest is neither invalid nor unambiguous even if a second person signs and initials the document. Thus, parol evidence should not be considered. Because the majority answers the questions differently, I dissent.
{¶ 27} "Certification ensures that federal courts will properly apply state law." Scott v. Bank One Trust Co., N.A. , 62 Ohio St.3d 39, 43, 577 N.E.2d 1077 (1991). When we agree to answer a question certified to us, we owe it to the federal court to provide an answer that will aid its determination. The majority's response to the first question-that "it is possible for a person *1227 who is not identified in the body of a mortgage but who has signed and initialed a mortgage to be a mortgagor of his or her interest," majority opinion at ¶ 25-gives little guidance to the federal court.
{¶ 28} One problem with the majority's opinion is its misapprehension of the questions posed by the federal court. The majority summarizes the questions this way: "[The certified questions] ask whether a signature would always bind a party to a mortgage irrespective of its terms or whether a signature would never bind a party to a mortgage if the signatory's name does not appear in the body of the mortgage." (Emphasis sic.) Majority opinion at ¶ 12. Having reframed the questions in always/never terms, the majority focuses a good part of its attention on the formalities of mortgages. It correctly explains the formality requirements set forth in R.C. 5301.01(A). But while the questions certified by the federal court could be read broadly to ask under what circumstances a mortgage is valid, it is clear from the facts provided by the court that the real issue is what interest was conveyed by the mortgage document. In other words, the court is looking for an answer to the question presented by the case in front of it, not a rehash of general principles of contract law.
{¶ 29} Let's begin with the first question-"[Is] an individual who is not identified in the body of a mortgage, but who signs and initials the mortgage, * * * a mortgagor of his or her interest?"-considered in the context of the facts of the case. To determine what was promised in a contract, we look to the unambiguous terms of the contract itself. Only if the terms of the contract are unclear do we resort to parol evidence to determine what the parties intended.
*566 Trinova Corp. v. Pilkington Bros., P.L.C. , 70 Ohio St.3d 271, 638 N.E.2d 572 (1994), syllabus. The majority does not say whether it finds the mortgage here to be ambiguous. But a look at the mortgage's terms, as set forth by the federal court, reveals no ambiguity.
{¶ 30} On the first page of the mortgage, Vodrick Perry alone is identified as "Borrower." In re Perry , 558 B.R. 204, 207 (Bankr.S.D.Ohio 2016). Two pages later, the mortgage "expressly provides that to secure repayment the 'Borrower' mortgages property as described on Page Seventeen. This Page includes the legal description of the Property." Id. It's hard to imagine a clearer expression of intent-the "Borrower," Vodrick, mortgages his interest in the property. Nowhere in the document does Marcy Perry grant a mortgage in her interest. Because Marcy did not convey an interest, she did not convey an interest. This conclusion is in accord with the determination in Smith v. Turpin , 20 Ohio St. 478, 492 (1870), that the failure to include a wife's name in the granting clause of a deed defeated the intent to convey her interest in the property, even though both husband and wife had executed the deed.
{¶ 31} The majority cites a paragraph of the mortgage that includes a cosigner provision for a party like Marcy who did not sign the promissory note. But again, no ambiguity arises from this paragraph. The paragraph says:
"[A]ny Borrower who co-signs this Security Instrument but does not execute the Note (a 'co-signer'): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or *1228 make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent."
Perry, 558 B.R. at 207, quoting the mortgage. This cosigner paragraph applies only to a "Borrower" who did not sign the note. It does not apply to Marcy, because she is not a "Borrower" under terms of the mortgage.
{¶ 32} Thus, considering the first question in the context of facts provided by the federal court, I would answer in the negative: a party not identified in the mortgage as conveying her interest does not do so, even if she signs and initials the mortgage document. Like the majority, I would answer the second question in the negative: a mortgage signed and initialed by a party not identified in the body of the mortgage is not invalid. But I would clarify that the mortgage is also not ambiguous, so parol evidence is not admissible.